IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Q-YOUNG CIN, ) | |
| ) | |
| Plaintiff, ) | 4:05CV3168 |
| ) | |
| v. ) | |
| ) | |
| NEBRASKA PUBLIC POWER ) | MEMORANDUM AND ORDER |
| DISTRICT, ROBERT A. MINADEO, ) | |
| and CLAY WARREN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on defendants' motion for summary judgment (Filing No. 27). Plaintiff has asserted claims of employment discrimination based on Title VII of the Civil Rights Act and the Energy Reorganization Act (ERA).

The court has carefully reviewed the pleadings, the briefs, and the evidentiary materials filed by the parties. For the reasons explained below, the court finds and concludes that summary judgment should be granted.

### FACTUAL BACKGROUND

Plaintiff, Q-Young Cin, is a resident of Fremont, California. Defendant, Nebraska Public Power District (NPPD), owns and operates Cooper Nuclear Station (CNS), a nuclear generating plant in Brownsville, Nebraska. Robert Minadeo and Clay Warren are former NPPD employees. On November 2, 1998, NPPD employed Cin as an electrical engineer at CNS.

On or around April 6, 2000, Cin discovered that a fellow employee filled one of his pockets with salt and the other with pepper while at a restaurant in Auburn, Nebraska. Cin states that upon noticing the salt and pepper he demanded that the individuals at the table tell him who put the salt and pepper in his pockets, but nobody responded. Cin then asked

his immediate supervisor Minadeo to ask the person who placed the salt and pepper in his pockets to make an apology. Cin states he did not get a response from Minadeo. Cin states that a few months later, this issue was raised again in a meeting with his acting supervisor Alan Baysfield, and that he again requested an apology but did not receive one.

In 2000, Cin claims that he raised nuclear safety concerns numerous times during the course of work. In his complaint he states that one of these complaints occurred in December 2000. NPPD also placed Cin on administrative leave for performance reasons in December 2000, and notified him that he would be terminated on January 5, 2001. On January 6, 2001, NPPD notified plaintiff that his termination was suspended pending further investigation but that he would be transferred to a new position within NPPD. In April of 2001, Cin was transferred. Cin states he did not want the transfer and was not qualified for the new position.

During the fall of 2003, NPPD gave Cin a series of warnings concerning various performance issues claiming disruptive behavior, disrespect to co-workers, refusal to complete assigned work, and other issues.

On October 23, 2003, NPPD again placed Cin on administrative leave for argumentative behavior, failing to complete assigned work, and emotional outbursts. He was reinstated to his position on November 13, 2003, but was given a written warning and given an Employee Assistant Program referral.

In February 2003, Cin reported safety concerns to the Nuclear Regulatory Commission (NRC). On Febraury 9, 2004, Cin was placed on a Performance Improvement Plan. NPPD states that Cin did not cooperate with the plan. Cin was placed on administrative leave on February 11, 2004, and terminated on February 19, 2004. Cin

states that during a grievance hearing held in April of 2004 he discovered that Minadeo was the person who filled his pockets with salt and pepper in 2000. Cin disputes that he ever committed acts of employment misconduct.

On June 14, 2004, the plaintiff filed a complaint with the Nebraska Equal Opportunity Commission (NEOC), and the Equal Employment Opportunity Commission (EEOC). In a letter dated April 1, 2005, the NEOC determined that there was insufficient evidence to support Cin's allegations. This letter was received by plaintiff on May 13, 2005. Plaintiff received a dismissal and notice of rights form from the EEOC on May 17, 2005. In August 2004, the NRC determined that there was not sufficient evidence to substantiate Cin's reported concern. Cin filed his complaint in this case on July 14, 2005.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Harder v. ACandS*, 179 F.3d 609, 611 (8th Cir. 1999). "In making this determination, the function of the court is not to weigh evidence and make credibility determinations, or to attempt to determine the truth of the matter, but is, rather, solely, to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson*, 477 U.S. at 248).

3

**DISCUSSION**

**A.   Title VII**

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Summary judgment may be entered in a Title VII action "if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial."  *Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999).

*Discrimination based on race and National Origin[1]*

Cin claims that NPPD discriminated against him based on his race and national origin.[2]  Specifically, Cin claims that in 2000 a coworker filled one of his pockets with salt and the other pocket with pepper.  Cin states that he reported this incident and his employer failed to respond to his complaints.

In NPPD's brief in support of its motion for summary judgment, NPPD argues that Cin did not file this lawsuit within the requisite 90 days within receipt of his right to sue letter. It appears, however, that after Cin's response, defendants concede that evidence submitted by Cin creates a genuine issue of material fact for trial on this issue.  But NPPD

---

[1] The court has taken the statement of plaintiff's claims from the parties Rule 26 Report.

[2] Cin also raises this claim against two NPPD employees, Clay Warren and Robert Minadeo.  However, the Eighth Circuit has clearly held that supervisors are not subject to individual liability under Title VII.  *Bales v. Wal-Mart*, 143 F.3d 1103, 1111 (8th Cir. 1998); *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446 (8th Cir. 1997).  Therefore, these claims are denied.

argues that Cin still failed to follow the proper administrative procedures as he did not file his original complaint with the NEOC and EEOC within 300 days of the discriminatory incident.

Evidence of discrimination is ordinarily admissible only with respect to acts within the statutory limitations period preceding the filing of the charges. *Kline v. City of Kansas City, Fire Dept.*, 175 F.3d 660, 664 (8th Cir. 1999). A claim may be timely if it is based on an ongoing violation that began before the limitations period began but continued into the limitations period. *See Ashley v. Boyle's Famous Corned Beef Co.*, 66 F.3d 164, 167-68 (8th Cir. 1995) (en banc). Further, evidence of events "occurring outside the limitations period may · · · be admissible · · · when the incidents are part of a continuing violation." *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 572 (8th Cir. 1997). A violation is continuing if it consists of " 'an ongoing pattern or practice of discrimination,' " rather than an amalgamation of discrete, isolated instances. *Rorie v. United Parcel Service, Inc.,* 151 F.3d 757, 761 (8th Cir. 1998), (quoting *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1303 (8th Cir. 1997), *cert. denied*, 524 U.S. 953 (1998) (emphasis omitted)).

Here, Cin's discrimination claim is wholly based on the incident with the salt and pepper that occurred in 2000. Cin filed his NEOC and EEOC complaint in June 2004, well outside the 300-day deadline for filing his administrative charge of discrimination. Cin seems to be arguing that because he did not find out the identity of the individual who committed the alleged discriminatory act until 2004, the claim is timely. The court is not persuaded by this argument. Finding out the identity of the person responsible for the salt and pepper incident is not a separate discriminatory act. Furthermore, other than Cin's general allegation that defendants created a discriminatory environment, Cin has failed to

5

provide any evidence of an ongoing pattern or practice of discrimination. Indeed, Cin fails to identify to this court any other instances of discrimination. Therefore, because the act of discrimination Cin relies on as the basis for his complaint was not within the 300-day statutory period, Cin's claim is dismissed.

**B.     Whistleblower Retaliation**

Next, Cin argues that NPPD retaliated against him for making internal safety complaints and making a NRD report. Defendants argue that Cin's sole remedy for this complaint is under Section 210 of the Energy Reorganization Act and that plaintiff failed to properly exhaust his administrative remedies under this Act.

Federal protection for whistleblowers of nuclear safety violations is found in the Energy Reorganization Act of 1974, which protects "whistleblowers" employed in the nuclear power industry by providing that "[n]o employer. . . may discharge any employee . . . because the employee. . . commenced, caused to be commenced, or is about to commence or cause to be commenced a proceeding under this chapter or the Atomic Energy Act." 42 U.S.C. § 5851(a)(1).

The Act outlines the proper procedures for filing a complaint, stating in relevant part that:

> [a]ny employee who believes that he has been discharged or otherwise discriminated against by any person in violation of subsection (a) of this section may, within 180 days after such violation occurs, file (or have any person file on his behalf) a complaint with the Secretary of Labor (in this section referred to as the "Secretary") alleging such discharge or discrimination.

42 U.S.C. § 5851(b)(1). Further, 42 U.S.C. § 5851(c)(1) provides that any person adversely affected by an order of the Secretary may obtain review in the court of appeals for the circuit in which the violation of the Energy Reorganization Act allegedly occurred.

6

Cin concedes that he did not file a complaint with the Secretary of Labor. Therefore, because Cin failed to file his claim of discriminatory retaliation with the Secretary of Labor within 180 days of the discriminatory conduct, Cin's federal claim is barred.

I do not speculate as to whether Cin has a cause of action under state law which he may bring in a state court, but the court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the court has dismissed the claim over which the court has original jurisdiction. Therefore, any such state law claims in this case will be dismissed without prejudice. It is of note that 28 U.S.C. § 1367(d) tolled the limitations period for the state law claims, if any, against the defendants while this federal case was pending. Accordingly, upon dismissal of the federal claims, the statute of limitations period for any potential state law claims will begin running.

IT IS ORDERED:

1. That defendants' motion for summary judgment (Filing No. 27) is granted;

2. A Separate Judgment will be entered; and

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to plaintiff at his last known address.

DATED this 16th day of February, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge